UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTINA MICHELLE ROWLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01460-WTL-DML |
| ) | |
| DEUTSCHE BANK TRUST COMPANY ) | |
| AMERICAS, ) | |
| MERCER BELANGER, ) | |
| PNC BANK, ) | |
| JENNIFER R. FITZWATER, ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTRY and ORDER**

**I. Filing Fee**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted.** Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Complaint**

Plaintiff Kristina Michelle Rowlett has sued five defendants: Deutsche Bank Trust Company Americas ("Deutsche Bank"), Mercer Belanger, PNC Bank, Jennifer R. Fitzwater, and Ocwen Loan Serving LLC. Rowlett claims that these defendants violated the Uniform Commercial Code, Truth in Lending Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement

Practices Act. She alleges that on April 10, 2013, defendant Fitzwater, an attorney with defendant Mercer Belanger, filed a complaint for foreclosure in Hamilton County on behalf of her client, Deutsche Bank. Deutsche Bank claimed in the state court proceeding that it acquired the right to enforce the note. Rowlett disputes the legality of any transfer or assignment of her mortgage note to Deutsche Bank and argues that the defendants have no standing to foreclose on her home. In addition, Rowlett alleges that the defendants conspired to create and file fraudulent documents in the public records of Hamilton County in order to wrongfully foreclose on her home. She seeks actual or statutory damages, punitive damages, costs, unidentified declaratory and injunctive relief, "as well as Quite Title." Dkt. 1 at p. 4.

### III. Temporary Restraining Order

Rowlett's motion for a temporary restraining order filed on September 18, 2015, has been considered. Rowlett seeks an order preventing Deutsch Bank from selling her property located at 309 Lake Pt Way, Noblesville, Indiana 46062. Rowlett explains that Deutsch Bank issued a Notice of Trustee Sale and intended to sell the property at public auction yesterday--September 17, 2015.[1]

Rowlett's motion for temporary restraining order must be denied because this Court has no authority to dismiss, review, or otherwise interfere with the state court case in which the foreclosure order was issued. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Final Judgment was entered on May 22, 2014, and the Decree of Foreclosure was sent to the Sheriff for Sale on July 17, 2015, in *Deutsche Bank Trust Company Americas v. Kristina Rowlett, Commerce Bank,*

---

[1] It is unclear whether the property was actually sold.

Hamilton County Superior Court 3, Case Number 29D03-1304-MF-003258. See Attachment 1 (Chronological Case Summary).

The *Rooker-Feldman* doctrine strips the district court of jurisdiction to involve itself in the plaintiffs' attempt at an appeal of the state court decisions, notwithstanding their allegations that the state court's judgment runs afoul of federal law. *See Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.*, 263 U.S. 413 (1923)]-[District of Columbia Court of Appeals v.] Feldman*[, 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted). Rowlett could have and should have raised her federal claims in that state court action.

For these reasons, the motion for temporary restraining order [dkt. 4] is **denied.**

### IV.  Order to Show Cause

"Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009)(*citing Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005). Thus, a court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.).

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). When it is determined that a court lacks jurisdiction, its only course of

action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Rowlett shall have **through October 2, 2015,** in which to show cause why this action should not be dismissed as barred by the *Rooker-Feldman* doctrine such that this district court lacks subject matter jurisdiction over the case. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013).

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 9/18/15

Distribution:

KRISTINA MICHELLE ROWLETT
309 Lake Point Way
Noblesville, IN 46062