**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KRISTINA MICHELLE ROWLETT,              ) | |
|                                          ) | |
| Plaintiff,     ) | |
|                                          ) | |
| vs.                                     ) | Case No. 1:15-cv-01460-WTL-DML |
|                                          ) | |
| DEUTSCHE BANK TRUST COMPANY  ) | |
| AMERICAS,                               ) | |
| MERCER BELANGER,                    ) | |
| PNC BANK,                               ) | |
| JENNIFER R. FITZWATER,             ) | |
| OCWEN LOAN SERVICING, LLC,    ) | |
|                                          ) | |
| Defendants.   ) | |

**Entry Discussing Response to Order to Show Cause and Directing Further Proceedings**

**I.  The Complaint**

Plaintiff Kristina Michelle Rowlett has sued five defendants: Deutsche Bank Trust Company Americas ("Deutsche Bank"), Mercer Belanger, PNC Bank, Jennifer R. Fitzwater, and Ocwen Loan Serving LLC. Rowlett claims that these defendants violated the Uniform Commercial Code, Truth in Lending Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement Practices Act. She alleges that on April 10, 2013, defendant Fitzwater, an attorney with defendant Mercer Belanger, filed a complaint for foreclosure in Hamilton County on behalf of her client, Deutsche Bank. Deutsche Bank claimed in the state court proceeding that it acquired the right to enforce the note. Rowlett disputes the legality of any transfer or assignment of her mortgage note to Deutsche Bank and argues that the defendants have no standing to foreclose on her home. In addition, Rowlett alleges that the defendants conspired to create and file fraudulent documents in the public records of Hamilton County in order to wrongfully foreclose on her home. She seeks

actual or statutory damages, punitive damages, costs, unidentified declaratory and injunctive relief, "as well as Quite Title." Dkt. 1 at p. 4.

## II. Order to Show Cause

Rowlett was given **through October 2, 2015,** in which to show cause why this action should not be dismissed as barred by the *Rooker-Feldman* doctrine such that this district court lacks subject matter jurisdiction over the case. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013).

In response, the plaintiff argues that the claims presented in this case were not raised in the state court and they do not require review of the state court's decision.

Contrary to the plaintiff's return to the order to show cause, she is seeking to set aside a state court judgment. She specially seeks an order preventing Deutsch Bank from selling her property located at 309 Lake Pt Way, Noblesville, Indiana, as authorized by the state court in *Deutsche Bank Trust Company Americas v. Kristina Rowlett, Commerce Bank,* Hamilton County Superior Court 3, Case Number 29D03-1304-MF-003258. See dkt. 5-1 (Chronological Case Summary). Thus, to the extent that the plaintiff wants the foreclosure overturned, Rooker–Feldman bars her claims because she is attacking the state foreclosure judgment. *See Calhoun v. CitiMortgage, Inc.*, 580 F. App'x 484, 486 (7th Cir. 2014) (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)).

In addition, the plaintiff argues that the Sixth Circuit has determined that the *Rooker-Feldman* doctrine does not prohibit lower federal courts from reviewing state court judgments that were procured through fraud, deception, accident or mistake. But, this Court is governed by

Seventh Circuit precedent and decisions in this Circuit foreclose such an argument. *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015) (*citing Kelley v. Med–1 Solutions*, LLC, 548 F.3d 600 (7th Cir. 2008). The *Rooker–Feldman* doctrine is concerned not with why a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with which federal court is authorized to intervene. *Id. (citing Harold v. Steel,* 773 F.3d 884, 886 (7th Cir.2014)). Thus, in the Seventh Circuit fraud does not permit a federal district court to set aside a state court's judgment.

### III. Opportunity to File an Amended Complaint

The plaintiff states in her return to order to show cause that she is not seeking to set aside a state court judgment, but is presenting an independent claim (although she does not identify what that independent claim is). This court was unable to identify any such independent claim. However, the plaintiff shall have a final opportunity **through October 30, 2015,** to submit an amended complaint which states a claim for relief over which this Court has subject matter jurisdiction.

Specifically, the plaintiff should assert any claim she has against the defendants which asserts a claim independent of the state court judgment such that it is not barred by the *Rooker-Feldman* doctrine. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993). "In other words, if a plaintiff contends that out-of-court events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction—but only to the extent of dealing with that injury." *Iqbal*, 780 F.3d at 730. Because this court lacks jurisdiction to set aside a state court judgment, any injury arising from that judgment cannot proceed in this action and should not be included in the drafting of an amended complaint.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: 10/8/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KRISTINA MICHELLE ROWLETT
309 Lake Point Way
Noblesville, IN 46062